# Addendum to Answering Brief of the Federal Appellees
## <u>Sancho v. U.S. Department of Energy</u>
### 9th Cir., No. 08-17389

Page

42 U.S.C. § 4332(2)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 4(f), (h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Convention on the Service Abroad of Judicial and
Extrajudicial Documents in Civil or Commercial Matters
(Hague Convention) art. 10, 20 U.S.T. 361, 658 U.N.T.S. 163
(entered into force in the United States Feb. 10, 1969). . . . . . . . . . . . . . . . . . . . . . . .8

Switzerland's objection to art. 10 of Hague Convention
(reprinted in 2 Bruno A. Ristau, *International Judicial Assistance* A-74 (2000)). . 10

# UNITED STATES CODE

## 2000 EDITION

CONTAINING THE GENERAL AND PERMANENT LAWS
OF THE UNITED STATES, IN FORCE
ON JANUARY 2, 2001

Prepared and published under authority of Title 2, U.S. Code, Section 285b,
by the Office of the Law Revision Counsel of the House of Representatives



## VOLUME TWENTY-THREE

### TITLE 42—THE PUBLIC HEALTH AND WELFARE
§§ 4001–7700

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 2001

70-023 D        1  : Qt. 3

1

§ 4332. Cooperation of agencies; reports; availability of information; recommendations; international and national coordination of efforts

The Congress authorizes and directs that, to the fullest extent possible: (1) the policies, regulations, and public laws of the United States shall be interpreted and administered in accordance with the policies set forth in this chapter, and (2) all agencies of the Federal Government shall—

(C) include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on—

(i) the environmental impact of the proposed action,

(ii) any adverse environmental effects which cannot be avoided should the proposal be implemented,

(iii) alternatives to the proposed action,

(iv) the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity, and

(v) any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented.

2

# UNITED STATES CODE ANNOTATED

## TITLE 28

## Federal Rules of Civil Procedure

## Rules 1 to 7.1

Comprising All Laws of a General
and Permanent Nature
Under Arrangement of the Official Code of
the Laws of the United States
with
Annotations from Federal Courts



THOMSON

WEST

Mat #40623862

Copyright is not claimed as to any part of the original work prepared by a United States Government officer or employee as part of that person's official duties.

This publication was created to provide you with accurate and authoritative information concerning the subject matter covered; however, this publication was not necessarily prepared by persons licensed to practice law in a particular jurisdiction. The publisher is not engaged in rendering legal or other professional advice, and this publication is not a substitute for the advice of an attorney. If you require legal or other expert advice, you should seek the services of a competent attorney or other professional.

© 2008 Thomson/West

UNITED STATES CODE ANNOTATED, U.S.C.A. and USCA are registered in the U.S. Patent and Trademark Office.

West's and Westlaw are registered in the U.S. Patent and Trademark Office.

**SUMMONS**                                                    **Rule 4**

(f) **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

    (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

       (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

       (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

       (C) unless prohibited by the foreign country's law, by:

          (i) delivering a copy of the summons and of the complaint to the individual personally; or

          (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3) by other means not prohibited by international agreement, as the court orders.

*  *  *  *

(h) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

    (1) in a judicial district of the United States:

       (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

       (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

    (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

# United States Treaties
# and Other
# International
# Agreements



## VOLUME 20

### IN THREE PARTS

### Part 1
## 1969

# MULTILATERAL

## Service Abroad of Judicial and Extrajudicial Documents

*Convention done at The Hague November 15, 1965;*
*Ratification advised by the Senate of the United States of America April 14, 1967;*
*Ratified by the President of the United States of America April 24, 1967;*
*Ratification of the United States of America deposited with the Ministry of Foreign Affairs of the Netherlands August 24, 1967; [¹]*
*Proclaimed by the President of the United States of America January 8, 1969;*
*Entered into force February 10, 1969.*

————

BY THE PRESIDENT OF THE UNITED STATES OF AMERICA

### A PROCLAMATION

WHEREAS the convention on the service abroad of judicial and extra-judicial documents in civil or commercial matters done at The Hague on November 15, 1965, was signed for the United States of America on that same date;

WHEREAS a certified copy of the text of the said convention in the English and French languages is word for word as follows:

————

¹ For designations and declarations made in connection with the deposit, see page 373. [Footnote added by the Department of State.]

(361)                    TIAS 6638

## Article 10

Provided the State of destination does not object, the present Convention shall not interfere with —

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

# APPENDIX B

**Convention on the Service Abroad of Judicial and
Extrajudicial Documents in Civil or Commercial Matters,
Done at the Hague November 15, 1965; Entered into Force
for the United States February 10, 1969; 20 UST 361;
TIAS 6638; 658 UNTS 163**

*with*

**Designations and Declarations
By Member States**

9

INTERNATIONAL JUDICIAL ASSISTANCE

## SWITZERLAND

*Ratification*: November 2, 1994
*Entered into force*: January 1, 1995
*Reservations and Declarations*: (Translation)
With the following reservations and declarations:
Re Article 1

1. With regard to Article 1, Switzerland takes the view that the Convention applies exclusively to the Contracting States. In particular, it believes that documents which are effectively addressed to a person resident abroad cannot be served on a legal entity who is not authorized to receive them in the country in which they were drawn up without derogating from Articles 1 and 15, first paragraph, of the Convention.

Re Articles 2 and 18

2. In accordance with Article 21, first paragraph (a), Switzerland designates the cantonal authorities listed in the annex as Central Authorities as referred to in Articles 2 and 18 of the Convention. Requests for the service of documents may also be addressed to the Federal Justice and Police Department in Bern, which will forward them to the appropriate Central Authority.

Re Article 5, third paragraph

3. Switzerland declares that in cases where the addressee does not voluntarily accept a document, it cannot officially be served on him or her in accordance with Article 5, first paragraph, unless it is in the language of the authority addressed, *i.e.* in German, French or Italian, or accompanied by a translation into one of these languages, depending on the part of Switzerland in which the document is to be served.

Re Article 6

4. In accordance with Article 21, first paragraph (b), Switzerland designates the competent cantonal court or the cantonal Central Authority as the body responsible for completing the certificate referred to in Article 6.

Re Articles 8 and 10

5. In accordance with Article 21, second paragraph (a), Switzerland declares that it is opposed to the use in its territory of the methods of transmission provided for in Articles 8 and 10.

Re Article 9

6. In accordance with Article 21, first paragraph (c), Switzerland designates the cantonal Central Authorities as the authorities competent to receive documents transmitted by consular channels pursuant to Article 9 of the Convention.

A-74