FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS SANCHO; WALTER L. WAGNER, | No. 08-17389 |
| Plaintiffs - Appellants, | D.C. No. 1:08-cv-00136-HG-KSC |
| v. | |
| U.S. DEPARTMENT OF ENERGY; FERMILAB; CENTER FOR NUCLEAR ENERGY RESEARCH, (CERN); NATIONAL SCIENCE FOUNDATION; DOE ENTITIES, 1-100, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted June 17, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON and CLIFTON, Circuit Judges.

Walter L. Wagner ("Wagner") appeals the district court's dismissal of his

claim against the United States Department of Energy, the National Science

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Foundation (collectively, "the U.S. government"), and others.  The parties are

familiar with the facts of this case, which we repeat here only to the extent

necessary to explain our decision.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

This court can affirm on any ground supported by the record.  *Cook v. AVI*

*Casino Enters., Inc.*, 548 F.3d 718, 722 (9th Cir. 2008).  We review questions of

standing de novo, *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010), and

factual findings for clear error.  *Robinson v. United States*, 586 F.3d 683, 685 (9th

Cir. 2009).  To establish standing, Wagner must demonstrate (1) an "injury in

fact," (2) "a causal connection between the injury and the conduct complained of"

that is not attributable to "the independent action of some third party not before the

court," and (3) a likelihood that a favorable decision will redress the injury.  *Lujan*

*v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Wagner cannot demonstrate that he has standing.  A plaintiff alleging a

procedural injury, such as Wagner, must still establish injury in fact.  *See Laub v.*

*U.S. Dep't. of Interior*, 342 F.3d 1080, 1086 (9th Cir. 2003).  Injury in fact requires

some "credible threat of harm."  *Cent. Delta Water Agency v. United States*, 306

F.3d 938, 950 (9th Cir. 2002).  At most, Wagner has alleged that experiments at the

Large Hadron Collider (the "Collider") have "potential adverse consequences."

2

Speculative fear of future harm does not constitute an injury in fact sufficient to confer standing. *Mayfield*, 599 F.3d at 970.

Even if Wagner has demonstrated injury in fact, he nevertheless fails to satisfy the causality or redressability prongs set out in *Lujan*. The European Center for Nuclear Research ("CERN") proposed and constructed the Collider, albeit with some U.S. government support. The U.S. government enjoys only observer status on the CERN council, and has no control over CERN or its operations. Accordingly, the alleged injury, destruction of the earth, is in no way attributable to the U.S. government's failure to draft an environmental impact statement.

CERN maintains total ownership, management, and operational control of the Collider. CERN has never been properly served, and is not a party to this case. Even if this court were to render a decision in Wagner's favor, such a decision would have no impact on CERN or Collider operations, and would not afford Wagner the relief he seeks.[1]

   **AFFIRMED.**

---

[1] Because our determination of standing is not dependent on the identity of the Appellant, we need not address whether Luis Sancho is a party to this appeal.